## COOK v. THE FEDERAL LIFE ASSOCIATION.

**Life Insurance :** ACTION ON POLICY : DEFENSE : MISREPRESENTATIONS IN APPLICATION : APPLICATION NOT INDORSED ON POLICY : CHAPTER 211, LAWS OF 1880. Action on a life insurance policy. To an answer setting up false representations on the part of the assured in his application, a demurrer was sustained, on the ground that a copy of the application was not indorsed upon, or attached to, the policy, as required by section two, chapter 211, Laws of 1880, to be done, in order to enable the company to rely upon such application, or statements therein, in defense to an action on the policy. To the ruling sustaining the demurrer defendant objects, on the ground that said chapter has no reference to life insurance companies ; but *held* that such objection was not well taken as to said section two, and that the demurrer was properly sustained.

*Appeal from Scott District Court.*—HON. A. J. LEFFINGWELL, Judge.

FILED, DECEMBER 14, 1887.

ACTION upon a life insurance policy. There was a demurrer to the answer, which was sustained. Defendant appeals.

*Geo. E. Hubbell,* for appellant.

*Cook & Dodge* and *Nathaniel French,* for appellee.

ROTHROCK, J.—The policy upon which this action is founded was issued to William E. Cook and payable to the plaintiff, Amanda M. Cook, who is his widow. The answer pleads several defenses, one of which is that the insured, at the date of the policy, was afflicted with piles.   Another defense is that the insured was, at the date of the policy, addicted to the immoderate use of intoxicating liquors, and that, as a result thereof, he had a disease called *"delirium tremens."*  It appears from the averments of the answer that, when the contract of insurance was entered into, the insured, in a written application therefor, was interrogated as to his physical health, and as to his habits, and that he answered therein that he was not addicted to the immoderate use of intoxicating liquors, and that he did not have the disease called "piles."   It is alleged that the answers to these questions were false and fraudulent, and that by reason thereof the plaintiff had no right of action upon the policy.   The demurrer was upon the ground that the matters averred in the answer were not a defense to the action, because a copy of the application for the insurance was not endorsed upon, nor attached to, the policy.   Whether the defendant may avail itself of the defenses pleaded, conceding the fact to be that a copy of the application is not endorsed upon, nor attached to, the policy, is the sole question presented for determination.

The question involves an examination of chapter 211 of the Acts of the Eighteenth General Assembly. The title of the act is in these words:  "An act relating to insurance and fire insurance companies."   The first section is as follows:   "Any person who shall hereafter solicit insurance, or procure applications therefor, shall be held to be the soliciting agent of the insurance

company or association issuing a policy on such application, or on a renewal thereof, anything in the application or policy to the contrary notwithstanding." Section two is as follows : "All insurance companies or associations shall, upon the issue or renewal of any policy, attach to such policy, or endorse thereon, a true copy of any application or representations of the assured, which, by the terms of such policy, are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy. The omission so to do shall not render the policy invalid, but, if any company or association neglects to comply with the requirements of this section, it shall forever be precluded from pleading, alleging or proving such application or representations, or any part thereof, in any action upon such policy ; and the plaintiff in any such action shall not be required, in order to recover against such company or association, either to plead or prove such application or representations, but may do so at his option." Section three of the act appears to refer to fire insurance companies. It has several provisions which are inapplicable to life insurance ; such as that, in case of loss of any insured building, "the amount stated in the policy shall be received as *prima-facie* evidence of the insurable value of the property at the date of the policy." The closing sentence of the section is as follows : " All the provisions of this chapter shall apply to and govern all contracts and policies of insurance contemplated in this chapter, anything in the policy or contract to the contrary notwithstanding."

Considering the title of the act and all of its provisions, it seems to us to be very clear that it applies in its first and second sections to all kinds of insurance. There can be no doubt that section one applies to any and all classes of insurance, whether life, fire, marine, insurance of live stock, or any other kind of insurance ; and the same may be said of the second section. To hold otherwise would, it seems to us, be inconsistent with and repugnant to the title of the act. If all insurance was not contemplated, the title would have been simply

"An act relating to fire insurance companies." The general term, "relating to insurance," if all insurance was not intended, would not have been used. We are not disposed to hold that such unnecessary repetition would have occurred in the title. The publication was made by the secretary of state in the usual way. He first gives the number of the chapter, followed by a heading in these words: " Relating to Fire Insurance." There are also the marginal notes required by section thirty-five of the Code. The marginal notes are no part of the statute. They are merely for convenience in examining it. The head-lines are not provided for by statute, and yet they are inserted, probably for the same purpose as the marginal notes. But these are not to be considered in construing the statute, for the simple reason that they are not a part of the law. We are asked to hold, because of the head-line, and because of the arrangement of this statute in our Annotated Code, with reference to other statutes, that the act in question has no reference to life insurance companies. We cannot so hold, in view of the fact that the second section requiring the application to be attached to, or indorsed on, the policy, applies in terms to "all insurance companies," and there is no good reason why it ought not to apply to life insurance companies.

AFFIRMED.