[The following opinion was retained on a petition for rehearing and did not come into my hands in time for insertion in its chronological order.—REPORTER.]

| | |
|---|---|
| 79 | 757 |
| 81 | 136 |
| 79 | 757 |
| 97 | 324 |
| 97 | 327 |
| 79 | 757 |
| 103 | 311 |
| 103 | 428 |
| 79 | 757 |
| 113 | 725 |
| 79 | 757 |
| 115 | 488 |
| 79 | 757 |
| 131 | 56 |
| 131 | 57 |
| 79 | 757 |
| 137 | 502 |

## McCONNELL v. THE IOWA MUTUAL AID ASSOCIATION et al.

1. **Life Insurance:** MUTUAL ASSESSMENT PLAN: NECESSITY OF ATTACHING APPLICATION TO POLICY. Laws of 1880, chapter 211, section 2, requiring applications and representations upon which policies are issued to be attached to or indorsed on the policies, and providing that an omission so to do does not invalidate the policy, but precludes the company from pleading or proving the falsity of the representations, applies to mutual life insurance companies on the assessment plan, although neither that nor any similar provision is found in Laws of 1886, chapter 65, which regulates mutual benefit associations. (Compare *Cook v. Federal Life Ass'n,* 74 Iowa, 746.)

2. ————: ACTION ON POLICY: LIMITATION BY TERMS OF POLICY. The policy sued on in this case required proofs of death to be filed within sixty days, and action on the policy to be commenced within six months, after the death of the assured, and it provided that payment should be made within forty-five days after the filing of such proofs. *Held* that, even if defendant's denial of liability immediately after the death of the assured was a waiver of such proofs, a right of action did not accrue until the expiration of the forty-five days, and that an action commenced within six months after that time was not too late.

*Appeal from Wapello District Court.*—HON. H. C. TRAVERSE, Judge.

FILED, OCTOBER 2, 1889.

(757)

ACTION in chancery to compel an assessment upon the members of the defendant corporation, and the collection and payment thereof, to the amount of two thousand dollars, upon a certificate or policy issued to the husband of plaintiff in his lifetime, obligating the defendant corporation to make such assessment, collection and payment upon his death. A demurrer to defendants' answer was sustained, and defendants, standing upon certain counts of their answer, refused to further plead, and appealed from the judgment on the demurrer.

*McNett & Tisdale,* for appellants.

*E. L. Burton* and *Payne & Eichelberger,* for appellee.

BECK, J.—I. The petition alleges that plaintiff's husband, in his lifetime, became a member of the Iowa Mutual Aid Association, a corporation organized under the laws of Iowa for the purpose of insuring the lives of its members upon the mutual assessment plan, upon the terms and conditions prescribed by the articles of incorporation and by-laws of the association, and the policies or certificates issued by it, or contracts entered into with the members insured; that such a certificate was issued to plaintiff's husband, or such a contract was entered into with him by the defendant corporation; that defendant did not attach to the certificate or policy, nor endorse thereon, the application or representations made by the assured, plaintiff's husband, which, by its terms, are made a part of the policy; and that the assured subsequently died, and was at the time of his death a member of the defendant association. The petition further alleges that immediately upon the death of her husband she gave notice thereof to the association, and within sixty days caused proofs of the death of the assured to be filed with the secretary of the association, which complied with the requirements of the policy;

that she made demand about one month before suit was brought that an assessment be made, as required by the policy, for payment of the sum due thereon, and was then first informed by the association that it would make none, and that it denied liability on the policy; thus waiving, as it is alleged, proofs of loss.   The certificate, or policy, is made a part of the petition, and shows that it was issued upon the consideration of the payment in cash of ten dollars, and the further annual payment of $2.50, and the prompt payment of benefit assessments to be legally levied by the association, which became bound thereby to make assessments upon the members of the association upon the death of the assured, and therefrom to pay to plaintiff the proceeds thereof, not exceeding two thousand dollars, in forty-five days after the filing of proofs of death of assured, which, with notice, shall be made within sixty days after death.

Certain conditions were indorsed on the policy and made a part thereof.   One was in this language:   "No action of any kind shall be maintained upon this certificate as against the association for any cause connected therewith, unless satisfactory proofs are furnished the association within sixty days, nor unless such action is commenced within six months after the happening of the death on account of which the action is brought; any statute of limitation or law to the contrary notwithstanding."

The answer, in the fifth count, alleges that the assured, in an application required by the articles of association and by-laws of the defendant incorporation, represented and warranted that he was in good health, and such warranty became a condition of the policy, when in fact he was not in good health, but was affected with consumption, an incurable disease of which he afterwards died.   It is alleged in the sixth count of the answer that the action is barred by plaintiff's failure to perform the condition of the policy requiring proof of death to be furnished within sixty days, and the action

to be commenced within six months thereafter. Other allegations of the answer assailed by the demurrer need not be recited, as defendant does not stand upon its pleadings presenting them, but rests upon the questions raised by the action of the court in sustaining the demurrer to the fifth and sixth counts of the answer.

II.    The demurrer to the fifth count of the answer was based upon the ground that it does not show that the application or representations of the assured upon which the policy was issued was indorsed on or attached to the policy, as required by section 2, chapter 211, Acts of the Eighteenth General Assembly.

1. LIFE insurance : mutual assessment plan : necessity of attaching application to policy.

Miller's Code (1888) p. 398. This statute requires applications and representations upon which policies are issued to be attached to or indorsed thereon, and provides that omission so to do does not invalidate the policy, but the insurance company is precluded from pleading or proving the falsity of the representations. It is applicable to policies and contracts for life insurance. *Cook v. Life Association*, 74 Iowa, 746. It is held in that case that the language of the act is so broad and comprehensive that it applies to and covers all kinds of insurance and policies.

Counsel for defendant think that inasmuch as the provision is not incorporated into chapter 65, Acts Twenty-first General Assembly, which regulates mutual benefit associations, and no similar provision is found therein, it ought to be held that it is superseded, and is not now applicable to the class of insurance to which the policy in the case before us belongs.

But there is no conflict between the two acts, and the provision in question is in no respect obnoxious to the subsequent legislation.

But counsel for defendant insist that the system of insurance to which the policy involved in this suit belongs is "purely benevolent," and, therefore, ought not to be subject to the legislation applicable to other classes of insurance. We think the "benevolence" in

the case is purchased for, at least, a fair, if not a liberal, consideration, and rests upon a contract which must be regarded and enforced by the law as all other contracts. It will not do to recognize a rule which requires courts to consider the purposes of contracts, or to be guided in their interpretation and the application of remedies for enforcing them, by the benefits conferred upon the contracting parties, and the benevolent purposes they had in view when they assumed the obligations of the contract.

III. The demurrer to the sixth count of defendant's answer is on the ground that the non-performance of the conditions therein pleaded, requiring proofs of loss to be filed within sixty days after the death of assured, and the action to recover on the policy to be commenced in six months after the same event, does not operate as a bar to this action.

*2. ——: action on policy: limitation by terms of policy.*

It is a familiar and just rule recognized by the courts, that a bar created by statute or by the contract, to an action for a breach of its conditions by reason of the lapse of time, will not commence to run until the right of action accrues ; that is, the plaintiff must have the full time given by the statute or contract after his right of action arises, in which to commence his suit.

The sixth count of the answer alleges that immediately after the death of assured plaintiff repudiated its obligation to pay anything upon the policy.

It is insisted that such denial of defendant's liability dispensed with the condition requiring notice and proofs of loss of the death of the assured, which must be given before suit can be brought. Without so holding, this position may be assumed for the purposes of the case. But, as we shall see, the action cannot be commenced, under other conditions of the policy, until the expiration of forty-five days after liability on the policy has fully accrued. It will be remembered that, by a condition of the policy above stated, the association did not become liable to pay the sum insured

under the policy until the expiration of forty-five days after the filing of proofs of death of the assured. Now, if the repudiation of liability dispensed with proof of death, as claimed by defendants, and, as is assumed above, the amount of the policy became payable at the expiration of forty-five days after the death of assured, and not before, of course, no action could have been commenced until that time.

It cannot be said that defendant's denial of liability is such a repudiation of the contract as to authorize an action to be commenced prior to the time it is authorized by the terms of the policy fixing the maturity of plaintiff's claim and defendant's liability.

We reach the conclusion that plaintiff could not have commenced his action sooner than forty-five days after the death of the assured. The views we have expressed leading to this conclusion are supported by the following decisions of this court: *Ellis v. Insurance Co.,* 64 Iowa, 507; *Miller v. Insurance Co.,* 65 Iowa, 704; *Eggleston v. Insurance Co.,* 65 Iowa, 308; *Quinn v. Insurance Co.,* 71 Iowa, 615.

The allegations and admissions of the answer show that a suit on the policy could not have been commenced according to the terms of the policy until forty-five days after the death of the assured. The limitation of the action fixed by the policy is six months after the cause of action accrued. The pleadings show that the suit was commenced within six months after the expiration of the forty-five days within which plaintiff's claim matured, and that the action is not therefore barred.

The conclusion we have announced disposes of the questions arising in the case. The judgment of the district court is                              AFFIRMED.