THOMPSON *v.* INTERSTATE LIFE & ACCIDENT CO.

(*Knoxville.* September Term, 1913.)

1. **INSURANCE. Losses. Demand and refusal. Penalty. Time of action.**

Under Acts 1901, ch. 141, declaring an insurance company, when a loss occurs, and it refuses to pay it within sixty days after demand, liable to pay the policy holder a penalty in addition to the loss, suit must be delayed sixty days after demand only when the company does not answer the demand within that time, and, the refusal being sooner, suit may be commenced immediately thereafter. (*Post, pp.* 527, 528.)

Acts cited and construed: Acts 1901, ch. 141.

2. **INSURANCE. Losses. Demand and refusal. Penalty.**

Where, on refusal to pay an indemnity under an accident and sick benefit policy, bill therefor and for the penalty provided by Acts 1901, ch. 141, was filed, and, additional losses thereafter accruing, amended and supplemental bills to recover them were filed, more than sixty days having elapsed before their filing, the filing of the bill was a sufficient demand, and the filing of the answers, denying liability, a refusal to pay, as regards right to recover penalty on the additional losses. (*Post, p.* 528, 529.)

---

FROM HAMILTON.

---

Appeal from Chancery Court, Hamilton County.— T. M. McCONNELL, Chancellor.

PRITCHARD & SIZER and CHAMBLISS & CHAMBLISS, for appellant.

MEACHAN & McGAUGHY, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

One question presented by a petition to rehear,[*] which has not heretofore been determined by this court, arises upon the following facts:

The complainant held an accident and sick benefit policy with the defendant company and filed the original bill to recover the indemnities provided for in the policy, together with 25 per cent penalty for the failure of the company to pay the indemnities, as provided by chapter 141, Acts of 1901. Demand was made upon the company and payment refused. The original bill was filed within thirty days after payment was declined. It is insisted in the petition to rehear that the penalties are not recoverable because the suit was brought within less than sixty days from the time of demand of payment and refusal.

The statute referred to provides:

"The several insurance companies of this State, and foreign insurance companies and other corporate firms or persons doing insurance business in this State, in all cases when a loss occurs and they refuse to pay the same within sixty days after a demand shall have been made by the holder of the said policy on which the said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss and interest thereon, a sum not exceeding twenty-five per cent and the liability for said loss," etc.

We hold that, under a proper construction of the foregoing statute, the defendant is not entitled to a delay of sixty days after payment has been refused. The manifest purpose of the legislature in fixing the limit of sixty days after a demand as the time in which the defendant could withhold payment was to enable it to investigate the nature of the loss and de-termine its liability under the contract. If the investigation has already been made, or if the defendant is content with the facts in hand to refuse payment, no good purpose could be served by requiring the policy holder to wait sixty days before commencing suit. The language of the statute does not require such a construction. It is provided that, if "they refuse to pay the same within sixty days after a demand shall have been made," the penalty is recoverable. This means that the defendant may decline to answer the demand for sixty days, and, as long as no refusal is made within that period, the claimant would necessarily be required to withhold suit; but, if the refusal to pay is made within sixty days after the demand, the right to commence the suit accrues immediately upon the refusal. Sixty days is the extreme limit allowed by the legislature in which the company can investigate the question of its liability, and, if it fails to respond to the demand for payment within that time, the suit may be commenced without proof of a refusal.

There were amended and supplemental bills to recover additional losses accruing after the commencement of the original bill. The petition to rehear pre-

sents the point that there is no proof of demand and refusal to pay the losses claimed by these bills, but more than sixty days had elapsed before these bills were filed, and the filing of the bill was a sufficient demand by the complainant, and the filing of the answers denying the liability was an explicit refusal to pay by the defendant.