LUCY C. LONG, Appellee, v. NORTHWESTERN NATIONAL LIFE
INSURANCE COMPANY, Appellant.

**INSURANCE: Loan Agreement Need Not Be Attached.** An agreement between an insured and an insurer for a loan on a policy, which loan in no wise affects the validity of the policy, though entered into when the policy is executed, is not an "application or representation," within the meaning of Sec. 1819, Code, 1897, and is pleadable though not attached to the policy.

*Appeal from Polk District Court.*—HUBERT UTTERBACK,
Judge.

NOVEMBER 16, 1918.

REHEARING DENIED MAY 21, 1919.

ACTION upon a policy of life insurance.—*Reversed.*

*Nourse & Nourse,* for appellant.

*Royal & Royal* and *William H. Long,* for appellee.

STEVENS, J.—Defendant, for answer to plaintiff's cause of action upon a policy of insurance for $1,000, issued upon the life of William Long, alleged that insured formerly held a policy issued by the Northwestern Life Association, which company later reorganized under the laws of the state of Minnesota, as the Northwestern National Life Insurance Company; that the former company was organized upon the assessment plan, and the latter upon the legal reserve plan; that insured surrendered his policy in the Northwestern Life Association, and the policy in suit was issued to him by the defendant; that, in the adjustment of premium rates, the insured executed to defendant a loan agreement, as follows:

"This is to certify that the Northwestern National Life Insurance Company, of Minneapolis, Minnesota, had advanced to me as a loan, $373.90, which I agree to pay at my option, on or before the date of the maturity of my

policy of insurance in said company, with interest computed annually, at the rate of four per cent per annum.

"And in consideration of the special rate which I am permitted to pay for the maintenance of said policy, I hereby authorize the Northwestern National Life Insurance Company to advance, in addition to the above loan, the sum of $11.05 annually, being the difference between the premium paid in cash and the regular annual premium for a whole life policy at age 42, such advance, with interest at 4 per cent, computed annually, to be added to the above loan, the whole hereby being made a lien upon Policy No. 55814, or any policy of insurance upon my life issued by the Northwestern National Life Insurance Company, in exchange therefor; and I further agree, for myself and my beneficiary, that, if the same is not paid during my lifetime, that any balance remaining shall be deducted from the amount due me or my beneficiary on said policy at its maturity, whether by death or otherwise.

"Witness my hand at Marshalltown, state of Iowa, this 28th day of March, 1902.

"H. L. Stuntz, Witness.        Wm. Long, Insured."

Defendant also alleged that there is due and owing to it thereon the sum of $817.72, and averred its willingness to pay the balance of $182.28. It also alleged that it is a corporation organized under the laws of the state of Minnesota, and set out one of the provisions of the policy, reciting that same is to be construed solely according to the laws of that state. Defendant did not, however, plead the laws of Minnesota. Plaintiff interposed a demurrer to defendant's answer, upon the ground that it did not affirmatively appear therefrom that a copy of the pretended loan agreement was attached to, or endorsed upon, the policy, as required by our statute. Section 1819 of the Code of 1897 provides as follows:

"All life insurance companies or associations organized

or doing business in this state under the provisions of the preceding chapters shall, upon the issue of any policy, attach to such policy, or indorse thereon, a true copy of any application or representation of the assured which by the terms of such policy are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy, or, upon reinstatement of a lapsed policy, shall attach to the renewal receipt a true copy of all representations made by the assured upon which the renewal or reinstatement is made. The omission so to do shall not render the policy invalid, but if any company or association neglects to comply with the requirements of this section, it shall forever be precluded from pleading, alleging or proving such application or representations, or any part thereof, or the falsity thereof, or any part thereof, in any action upon such policy, and the plaintiff in any such action shall not be required, in order to recover against such company or association, either to plead or prove such application or representation, but may do so at his option."

The demurrer was sustained, and the defendant, electing to stand upon its answer, appeals. Defendant admitted that it issued the policy in suit, and that, subject to the provisions of the alleged loan agreement, under which it claims the right to deduct from the face of said policy the amount therein designated, together with the certain additional annual advancements therein provided for, it is liable for the face of such policy. The only question, therefore, necessary for our consideration is: Should defendant, not having endorsed a true copy thereof upon said policy, be permitted to plead the said loan agreement herein, or offer evidence thereof? It is conceded that assured executed a written application for insurance, and that a true copy thereof is endorsed upon the policy. The instrument in question, although executed at the same time as the ap-

plication, was wholly separate and distinct therefrom.

The contention of counsel for appellee is that it amounts to a representation, within the meaning of the statute above quoted, and that same is an agreement affecting the validity of the policy, and is required by said statute to be endorsed upon the policy.

It was held by this court in *Lewis v. Burlington Ins. Co.*, 71 Iowa 97, *Robey v. State Ins. Co.*, 146 Iowa 23, and *Nutter v. Des Moines Life Ins. Co.*, 156 Iowa 539, that a copy of a premium note must be attached to, or endorsed upon, the policy.

It is claimed by counsel for appellee that the purported indebtedness due the company from assured is not for money loaned, and that no money was, in fact, loaned to him. On its face, however, it acknowledges that defendant has loaned assured the sum therein named. If the instrument in question was, in fact, executed in payment of premium due, or to become due, and by the terms thereof or as a matter of fact the policy would be invalidated by the nonpayment thereof, then it would be analogous to a note, and, under our prior decisions, a copy thereof should have been attached to, or endorsed upon, the policy.

It is, of course, manifest that the loan agreement is not a part of the application for insurance, and we are unable to see wherein the validity of the policy is in any way affected thereby. Assured was not required to pay the same to prevent forfeiture of the insurance, as, by the terms of the agreement, any balance remaining unpaid at the death of assured should be deducted from the amount of the insurance. The policy could not, therefore, be rendered invalid by the nonpayment of the loan, although, if assured lived long enough, the whole amount of the policy might be absorbed by the indebtedness due the company. The demurrer admits that the loan agreement is what it purports to be. Clearly, it is not on its face a part of the application

for insurance, nor in any sense a representation, which is defined by Cooley as follows:

"A representation has been defined as an oral or written statement, made by the insured to the insurer, of certain facts or conditions tending to induce the insurer to assume the risk, by diminishing the estimate he would otherwise have formed of it." 2 Cooley's Briefs on the Law of Insurance 1127.

The instrument in question does not relate to the character of the risk, nor does it contain any statement or representation which could be construed as an inducement to the acceptance thereof by the defendant. The instrument purports to be an obligation for money loaned by the defendant to plaintiff, and an agreement to pay certain specified advancements thereafter to be made annually by the defendant. It is not, by the terms of the contract of insurance, made a part thereof or referred to therein, nor does it in any manner affect the validity thereof. By pleading the same, defendant does not assail the validity of the policy, nor deny, or seek to avoid, its obligation under the policy, but asks only that the amount claimed to be due thereunder be deducted from the face of the policy, and alleges a willingness to pay the balance. The amount specified is designated as a loan, and, by its terms, defendant is given a lien upon the policy as security for the payment thereof. The distinction between the obligation in question and a premium note is obvious. A failure to pay the latter may work a forfeiture of the policy and defeat recovery thereon, thereby affecting the validity thereof; whereas nonpayment of the instrument in question would not defeat recovery, and defendant is only entitled to have the amount due it, if any, deducted from the face of the policy. It follows that the demurrer should have been overruled.—*Reversed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.