ANNA L. KENNEDY, Administratrix, Appellee, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

INSURANCE: Failure to Attach Applications. Applications for insurance or representations pertaining to one's insurability *which may in any manner affect the validity of the policy* cannot be given legal recognition unless they are attached to the policy; and this is true even though the policy makes no reference to said applications or representations.

*Appeal from Scott District Court.*—F. D. LETTS, Judge.

FEBRUARY 14, 1922.

ACTION on a policy of insurance. Defense of fraud in the procuring of the insurance. Verdict for plaintiff, and defendant appeals.—*Affirmed.*

*Cook & Balluff,* for appellant.

*Kaufmann & Willis,* for appellee.

FAVILLE, J.—On or about February 4, 1918, the appellant insured the life of Emmet J. Kennedy. The insured died on or about the 13th day of September, 1918, and this action is brought to recover the amount due under the policy issued by the appellant.

Appellant alleged, by way of defense, that, immediately prior to the issuance of said policy of insurance, the insured made application for said insurance in writing, and that the statements made in said application were, in fact, untrue, particularly with regard to the date when the applicant had been last attended by a physician, and in regard to his physical condition, as known to the applicant at the time said statement was made. The appellant offered in evidence the written application of the insured, which was made to the medical examiner of the appellant. In said application, the insured stated that the date of the last attendance of a physician upon him was in 1906, and that at said time he was attended for malaria. This application was dated January 23, 1918. It was the contention of the appellant that this statement in said application was false, and was a fraud upon the appellant; and that, in truth and in fact, the applicant had been attended by a physician on the 22d day of January, 1918, and had been found by said physician at said time to be suffering with albuminuria.

Upon the trial, the said application was offered in evidence by the appellant, and there was testimony tending to show that the applicant had consulted a physician on the 22d day of January, 1918, and that at said time the physician had found the applicant to be affected with albuminuria, and had so informed the applicant at said time.

The case was submitted to a jury, and a verdict was returned in favor of the appellee.

I. It is urged by the appellant that the court should have directed a verdict in favor of the appellant upon the record, on the ground that the evidence affirmatively shows that the applicant was guilty of fraud in the manner above referred to. It is also insisted that the verdict should have been set aside, and a new trial granted.

The application of insurance was not attached to or made a part of the policy, nor is there any language in the policy by

which any reference is made to said application. It is the contention of the appellant that said application, not thus being referred to or made a part of the policy of insurance, was properly admissible in evidence on the question of misrepresentation and fraud on the part of the insured in securing the policy of insurance.

Section 1819 of the Code is as follows:

"All life insurance companies or associations organized or doing business in this state under the provisions of the preceding chapters shall, upon the issue of any policy, attach to such policy, or indorse thereon, a true copy of any application or representation of the assured *which by the terms of such policy are made a part thereof*, or of the contract of insurance, or *referred* to therein, or which *may in any manner affect the validity of such policy*, or, upon reinstatement of a lapsed policy, shall attach to the renewal receipt a true copy of all representations made by the assured upon which the renewal or reinstatement is made. The omission so to do shall not render the policy invalid, but if any company or association neglects to comply with the requirements of this section, it shall forever be precluded from pleading, alleging or proving such application or representations, or any part thereof, or the falsity thereof, or any part thereof, in any action upon such policy, and the plaintiff in any such action shall not be required, in order to recover against such company or association, either to plead or prove such application or representation, but may do so at his option."

We have had frequent occasion to construe this section and the corresponding Code Section 1741, referring to insurance companies other than life.

It is urged by the appellant that the application in the instant case does not come under the terms and provisions of this statute, because the application was not made a part of the policy or of the contract of insurance, or referred to therein. The statute, however, provides that, if the application or representation may in any manner affect the validity of such policy, it *must* be attached to the policy or be indorsed thereon, or the insurance company shall forever be precluded from pleading, alleging, or proving such application or representations or any

part thereof, or the falsity thereof or any part thereof, in any action upon such policy.

It is apparent that, in the instant case, the application was the very thing that affected the validity of the policy. It was in no way attached to or made a part of the policy; but, by the language of the statute, the appellant was precluded from pleading, alleging, or proving such application or representations. It was, however, pleaded and proved by appellant.

We have repeatedly held that as to all defenses based upon the application or representation of the assured "which may in any manner affect the validity of said policy," and where the application or representation is not attached to or made a part of the policy, the insurer is forever precluded "from pleading, alleging, or proving such application or representations or any part thereof, or the falsity thereof or any part thereof." *Goodwin v. Provident Sav. L. A. Assn.*, 97 Iowa 226, 235; *Seiler v. Economic Life Assn.*, 105 Iowa 87; *Johnson v. Des Moines Life Ins. Co.*, 105 Iowa 273; *Parker v. Des Moines Life Assn.*, 108 Iowa 117; *Corson v. Iowa Mut. Fire Ins. Assn.*, 115 Iowa 485; *Rauen v. Prudential Ins. Co.*, 129 Iowa 725; *Biermann v. Guaranty Mut. L. Ins. Co.*, 142 Iowa 341; *Nutter v. Des Moines Life Ins. Co.*, 156 Iowa 539; *Murray v. Brotherhood of Am. Yeoman*, 180 Iowa 626; *Long v. Northwestern Nat. Life Ins. Co.*, 186 Iowa 369.

Counsel for appellant strenuously insist that this statute does not apply, for the reason that the application which contained the alleged false recital was *not* attached to the policy of insurance, nor was it in any manner referred to therein. It is true that the said application containing the said representation was signed by the insured and delivered to the medical examiner of the appellant, and that it contained the alleged false representations, and that it was in no way referred to in the policy of insurance, nor attached to the same. This situation, however, would not render this application or the oral representations made at the time same was signed, admissible in evidence in behalf of the appellant. The statute expressly provides that:

"All life insurance companies * * * doing business in this state * * * shall, upon the issue of any policy, attach to such policy, or indorse thereon, a true copy of any application or

representation of the assured * * * which may in any manner affect the validity of such policy.''

It also provides that:

''If any company or association neglects to comply with the requirements of this section, it shall forever be precluded from pleading, alleging or proving such application or representations, or any part thereof, or the falsity thereof, or any part thereof, in any action upon such policy.''

The provisions of this statute are very broad and inclusive. It not only refers to the application of the insured, but also to *any* ''representation of the assured * * * which may in *any* manner affect the validity of such policy.''

In the instant case, the appellant pleaded and relied upon the alleged false representation made by the insured to the medical examiner, which representation was embodied in a written application, which was not attached to or made a part of the policy of insurance, or referred to therein. Under the provisions of this statute, this situation did not entitle the appellant to plead the said application and to offer the same in evidence, and to then prove the falsity of the representation therein contained, as a ground for avoidance of the policy. The statute was designed to meet exactly such a situation, and to require the insurance company to attach to its policy, or embody therein, any application or any representation which it relied upon, and ''which may in *any* manner affect the validity of such policy.''

Appellant's position is that, the application and the representation therein made being offered in evidence by the appellant, and proof being offered tending to show that the said representation was false, the appellant was entitled to a directed verdict upon said record.

We are of the opinion that, under said statute, the court was in error in receiving in evidence the said written application of the insured, and in permitting the appellant to prove the same or the representation claimed to have been made. The statute, by its very terms, prohibits the pleading or proving of any such application or representation, unless the same is attached to or indorsed upon the policy. The trial court, however, permitted this to be done, over objection by the appellee. The verdict being in appellee's favor, appellee is now, of course,

in no position to complain of this action of the trial court; but appellant cannot claim reversible error upon the failure of the court to direct a verdict, predicated upon this record made in its behalf.

The appellant insists that, under Section 1812 of the Code, it is entitled to show that the certificate of insurance "was procured by or through the fraud or deceit of the assured." This is undoubtedly true; but the fraud or deceit relied upon in the instant case is with respect to the representation that was made by the insured at the time of making the application for the insurance. Section 1812 and Section 1819 must be read together, and when the "fraud or deceit of the insured," relied upon by the insurance company, consists of any "representation of the assured * * * which may in any manner affect the validity of such policy," then such representation must be attached to the policy or indorsed thereon, or the insurance company is "precluded from pleading, alleging, or proving" the same.

We think the case comes squarely under the provision of this statute, and our previous holdings.

Other matters referred to by the appellant in argument are involved in what we have heretofore said, or require no further consideration.

We find no error requiring our interference with the judgment of the trial court, and it is, therefore,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.