S. M. PEACHER v. NATIONAL BEN FRANKLIN FIRE INSURANCE CO.

Middle Section. June 12, 1930.

R. C. Boyce and M. H. Goldschein, both of Nashville, for appellant, S. M. Peacher.

Hume & Armistead, of Nashville, for appellee, Fire Ins. Co.

CROWNOVER, J. This was a suit to collect $1,000, the amount of an insurance policy issued by the defendant to the complainant on leasehold property and fixtures destroyed by fire.

The complainant alleged that he had requested the agent to write $500 on his lease and improvements made on the house where he operated a restaurant business and $500 on his restaurant fixtures, but the company issued the policy insuring the house for $500 and the fixtures for $500.

The defendant denied liability on the ground that complainant was not the sole and unconditional owner of the building as provided in the policy; denied that he had a valid lease, and that the agent who agreed to write the policy was the agent of the defendant and was licensed to write insurance; and filed a special plea of contractual limitation, in that, the policy had a provision which stated that suit must be brought within twelve months after the fire and that suit in this instance was brought more than twelve months after the insurance company had unconditionally denied liability, therefore the suit was barred.

The complainant was permitted to amend his bill so as to pray that the policy sued on be reformed so as to show that the lease and improvements on the building were insured for $500, instead of the building itself as set out in the policy.

A jury was demanded and several issues were submitted, but the Chancellor instructed the jury that if it found that the company denied liability and that suit was not brought within one year thereafter, then the jury should not answer the other issues. The jury returned its verdict and answered that the company had denied liability and that suit was brought more than one year thereafter. Thereupon the Chancellor dismissed the bill.

The complainant's motion for a new trial was overruled and he appealed to this court and has assigned errors.

The proof shows that the complainant had rented a building under a written lease on Wedgewood Avenue for the purpose of operating a restaurant, upon which he put considerable improvements which cost him about $800, and after the work had been completed and his restaurant fixtures installed one Cook approached him with the purpose of writing a policy insuring the property against fire. He told Cook that he had a lease on the house and had expended more than $800 in improvements thereon and that he wanted $500 insurance on his lease and improvements and $500 on his restaurant fixtures. Cook had the regular agents for the defendant National Ben Franklin Fire

Insurance Co. to write the policy insuring the house for $500 and the fixtures for $500 for one year from May 3, 1927, which policy was delivered to the complainant, who did not read his policy but accepted it and paid the premium without question.

Thereafter, on October 12, 1927, the house and fixtures were entirely destroyed by fire. Notice and proofs of loss were made and properly filed with the company as required by the policy. But the agent of the company verbally informed complainant that the company denied liability within less than sixty days after the fire and filing of his proofs of loss. The complainant did not bring his suit until the 10th day of December, 1928, which was thirteen months and twenty-nine days after the fire, and which was more than twelve months after the agents of the company had informed the complainant that the company had denied liability.

The policy had two provisions which were a part of the conditions in the contract, as follows:

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

. . . . . .

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

After the fire occurred, on October 14, 1927, the complainant and the defendant signed a non-waiver agreement, in which it was stipulated, in part:

"It is hereby mutually stipulated and agreed that any action taken by the insurance company, or companies, signing this agreement in ascertaining the amount of loss and damage which occurred Oct. 12, 1927, 1:00 A. M., to property located at No. 501 Wedgewood Ave., Nashville, Tenn., and in investigating the cause thereof, shall not waive or invalidate any of the conditions of the policies of insurance, and shall not waive or invalidate any rights whatever of any party to this agreement."

. . . . . .

"Notice is hereby given and accepted, and it is hereby mutually understood and agreed, that no representative of any insurance company signing this agreement has power or authority to waive

any of the conditions of their respective policies, unless such waiver be specifically made in writing.''

The complainant assigned three errors, all of which raise only one question, that is, that the Chancellor erred in holding that the complainant's suit was brought too late, it having been brought within twelve months after the sixty days for filing proofs had expired.

After an examination of the facts and law we·are of the opinion that this assignment is well taken and must be sustained. It is well settled in Tennessee -that where the policy contains provisions like those hereinabove set out, the assured will have twelve months after the sixty days for filing proofs of loss has expired, in which to bring suit, notwithstanding the fact that the policy contains the provision that suit must be brought within twelve months after the date of the fire. Insurance Co. v. Scales, 101 Tenn., 628, 49 S. W., 743; Guthrie v. Indemnity Association, 101 Tenn., 642, 49 S. W., 829; Allibone v. Fidelity & Casualty Co., 32 S. W., 569; McConnell v. Iowa Mutual Aid Ass'n, 79 Iowa, 757, 43 N. W., 188.

But our courts have held that where the company denies liability and refuses to pay the policy upon proofs of loss, then the assured does not have to wait sixty days after the filing of the proofs of loss to bring suit, as his right of action accrues immediately upon denial of liability. Insurance Co. v. Hancock, 106 Tenn., 513, 62 S. W., 145, 52 L. R. A., 665B; Thompson v. Interstate Life & Accident Co., 128 Tenn., 526, 162 S. W., 39; Freese v. Continental Casualty Co., 5 Tenn. App., 270.

It is strenuously insisted by the insurance company that the right of action accrued and the contractual limitation of one year began to run when the company denied liability, and as the suit was not instituted within one year thereafter, his right of action is barred. But we hold that a verbal denial of liability was insufficient notice where the parties had signed, after the fire, a non-waiver agreement, agreeing that no agent of the company had authority to waive any of the conditions of the policy unless the waiver was made in writing. Such non-waiver agreement is binding on all the parties. Richards on Insurance Law (3 Ed.), 184, sec. 149; Keet-Rountree Co. v. Merchants Co., 100 Mo. App., 504, 74 S. W., 469; Pennsylvania Fire Ins. Co. v. Hughes, 108 Fed., 497; 26 C. J., 405, sec. 519.

It results that the assignments of errors must be sustained and the decree reversed. The cause will be remanded to the Chancery Court of Davidson county for a new trial on material issues under the pleadings. The cost of the appeal is adjudged against the defendant for which execution may issue. The cost of the lower court will await the final determination of the case.

Faw, P. J., and DeWitt, J., concur.