THE DWELLING HOUSE INSURANCE COMPANY v. THE
KANSAS LOAN AND TRUST COMPANY, *Trustee.*
No. 202.

1. INSURANCE—*mortgage-clause in policy is independent contract.* The mortgage-clause sued on is an independent contract. The mortgagee was not bound to bring suit within six months limited by the conditions of the policy, because the provision requiring the primary security to be first exhausted is inconsistent with such limitation, and the six months' limitation was not intended to apply. The mortgagee was not bound to make proof of loss. The policy imposed that duty upon the owner, and the mortgage-clause freed the mortgagee from the consequences of the owner's neglect.

2. ———— *limitations in policy inconsistent with other provisions, statute prevails.* Where an insurance policy contains the provision "that when a policy is issued upon the interest of a mortgagee the assured must first exhaust the primary security before he can recover the amount of insurance," and another clause providing: "No suit or action against this company upon this policy shall be sustainable in any court of law or equity, unless commenced within six months after the loss or damage shall occur;" such provisions being inconsistent, the ordinary statute of limitations would be applicable to such cases.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed April 30, 1897. *Affirmed.*

*Fyke, Yates & Fyke,* for plaintiff in error.
*Fuller & Whitcomb,* for defendant in error.

McELROY, J. This was an action brought by the Kansas Loan & Trust Company against The Dwelling House Insurance Company to recover on a mortgage-clause attached to a policy of insurance, issued by the Insurance Company to J. M. Aldridge, on a frame dwelling house. The loss was made payable, for assured's account, to the Kansas Loan and Trust Company, trustee, or its successors in trust, as their interest might appear. The case was tried before the court,

without a jury, and the court found the issues in favor of the plaintiff. The defendant's motion for a new trial having been overruled, the case is presented to this court for review.

The questions to be considered are : *First*, can the mortgagee recover on the mortgage-clause in the absence of any showing that proofs of loss were made? *Second*, is the time within which the mortgagee may bring his action limited by the contract in the policy to six months after loss?

I.   The mortgage-clause provides :

"It is hereby agreed that this insurance, as to the interest of said trustee only therein, shall not be invalidated by any change of ownership of the property, or by any act or neglect of the grantors in the mortgage or trust deed, or by the owners of the property insured, or by reason of the premises being unoccupied, or their occupation for purposes more hazardous than are permitted by this policy."

In *Insurance Co. v. Coverdale* (48 Kan. 446), where the effect of a mortgage-clause was under discussion by the court, Chief Justice Horton said :

"The mortgage-clause . . . created an independent and a new contract, which removes the mortgagees beyond the control or the effect of any act or neglect of the owner of the property, and renders such mortgagees parties who have a distinct interest, separate from the owner, embraced in another and a different contract."

The intent of the mortgage-clause was to operate as an insurance to the mortgagees, giving them all the benefits a new policy could have given, but freeing them from the conditions imposed upon the owners of the insured property.

The mortgagee would not be in a condition to make

DWELLING HOUSE INS. CO. v. TRUST CO.    139

April 30, 1897.        Opinion.  McElroy, J.                E. Div.

the proof required under the policy.  It would be necessary for him to state "the time, origin and circumstances of the fire, the amount of loss or damage, other insurance, changes of title, internal or external hazard, use, occupation and possession, additional insurance and additional incumbrances, during the time of the insurance."  These are matters as easily ascertained by the Insurance Company as by the mortgagee.  The policy reads : "If this loss is made payable, in case of loss, to a third party, or held as collateral security, the proofs of loss shall be made by the party originally insured."

II.  The property insured was destroyed by fire on October 19, 1891.  The petition was filed June 2, 1892.  Among the conditions of the policy were the following :

"No suit or action against this Company upon this policy shall be sustainable in any court at law or equity, unless commenced within six months after the loss or damage shall occur.

"When a policy is issued upon the interest of the mortgagee or other creditor, or is held as collateral security to a mortgage or any other debt or demand, the assured shall not be entitled to demand or recover any part of the amount insured until he, she or they shall have enforced or collected such portion of the debt as can be collected out of the primary security to which this policy is collateral."

If effect is given to both these conditions of the policy they wholly destroy the insurance.

If the terms of the policy are binding upon the mortgagee, we have one clause providing

2. Limitation by
contract does
not apply.

he shall sue within six months after the loss occurs, and another that he must first exhaust the primary security,— in other words, foreclose his mortgage.

140    DWELLING HOUSE INS. CO. v. TRUST CO.

N. Dept.          Opinion.   McElroy, J.          5 Kan. App.

Under the law of procedure in this State, the six months' limit would have expired before he could have "enforced and collected such portion of the debt as can be collected out of the primary security."

Appraisement of the real estate was waived by the mortgagors, and by no reasonable probability could the mortgagee have foreclosed the mortgage within the six months. It cannot be that the Insurance Company, if suit was commenced within six months, could rely upon the condition that the primary security should have been first exhausted, and thus defeat the action of plaintiff; and if suit was not commenced until after six months, rely upon the six months' limitation, and thus defeat the action.

These provisions being inconsistent, we think the ordinary statute of limitations should apply in this case. The six months' limitation cannot be held to apply to the mortgagee, where another provision of the policy is especially made applicable to such mortgagee, requiring of him an act which would preclude his suing on the policy within six months.    May on Insurance, (3d ed.,) vol. 2, § 487.

Our conclusion in this case is, that the judgment of the lower court should be affirmed.