# B. PRESLEY COMPANY v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

January 17, 1913.

Nos. 17,816—(150).

**Transportation of berries — evidence.**

Plaintiff's evidence showed that a shipment of strawberries was inspected at point of shipment by an association inspector. The shipper testified that he also inspected them, and that they were loaded in good condition and perfectly sound, though he personally inspected but one or two cases in each wagon load. Another witness testified to the general good condition of berries at point of shipment at that time; another that the damaged condition in which they arrived was due to heat. Defendant's witness testified solely from records that the car was kept properly iced. *Held,* the evidence sustained a finding that the damaged condition in which they arrived was due to negligent transportation.

**Admission of evidence.**

A witness gave testimony from an unverified memorandum, when objected to on that ground, only as to a matter not in controversy. *Held* no material error.

**Book entry from temporary slips.**

Plaintiff's manager testified that a certain book entry was a record kept in plaintiff's office, made at the time of the transaction, from temporary slips that are not preserved, made by a clerk in the office in his presence, and that it was true and correct. *Held* sufficient, though he could not state what particular clerk made the entry.

**Evidence admissible.**

Evidence as to the customary time for unloading a car of damaged berries *held* not error.

**Failure to present claim — burden of proof.**

The burden of proof is on the defendant to show that plaintiff failed to present its claim within the time provided by the bill of lading. *Held* that, as a matter of law, the proof in this case was not sufficient to sustain a finding that a claim was not so made.

[1] Reported in 139 N. W. 609.

Action in the municipal court of St. Paul to recover $287.70 damages to a carload of strawberries alleged to have been negligently delayed in transportation, and because defendant did not exercise due care for the preservation of the berries while in transit. The answer alleged that the berries were accepted for transportation at a reduced rate under a bill of lading, by the terms of which claims for damage or delay must be made in writing to the carrier within four months after delivery of the property; that the bill of lading was executed in the state of Louisiana and under the laws of that state is valid and binding upon the parties to the action; that plaintiff failed to make claim within the time and in accordance with the terms of the agreement; that the berries were transported and delivered to the Chicago, Milwaukee & St. Paul Railway Company at Dubuque, Iowa, in as good condition as when they were delivered to it for shipment, except for such changes in their condition as may have occurred by reason of matters beyond defendant's control. The case was tried before Finehout, J., and a jury which rendered a verdict in favor of plaintiff for the sum of $296.79. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Butler & Mitchell* and *John B. Sanborn,* for appellant.
*T. P. McNamara,* for respondent.

HALLAM, J.

This action is brought to recover damages from negligent transportation of half a carload of strawberries, shipped April 20, 1909, from Independence, Louisiana, to St. Paul. There was no delay in transportation, and the damages are claimed to have been caused by heat, due to insufficient icing of the cars. The jury found for plaintiff. Defendant appeals.

It is admitted that, when the berries arrived in St. Paul, they were moldy and soft. Appellant contends there is no evidence sufficient to sustain a finding that this condition was caused by negligent transportation. It is conceded that strawberries in sound condition may be safely transported from Independence to St. Paul. It follows that either the berries were unsound when shipped, or they

were improperly carried. The verdict was necessarily a finding that they were sound when shipped, but were improperly carried.

We hold that the evidence sustains these findings: The berries were shipped by a Mr. Harpole, who bought them for respondent and superintended their loading. He testified that the berries were bought from growers by an association and inspected by the association inspector. He inspected them also, examining one or two cases from each wagon load. He stated positively that they were loaded in good condition and perfectly sound. Another witness, Mr. Terry, a fruit broker at New Orleans, said the condition of fruit generally at Independence at that time was good. There is also evidence that the soft and moldy condition in which the berries arrived was due to heat. The evidence is sufficient to make out a case. Appellant offered no testimony as to the condition of the fruit when loaded. The only evidence submitted by appellant was as to the manner in which the car was transported and iced. This evidence tended to show that the berries were properly transported. It was, however, based entirely on appellant's records, and in no measure on the recollection of any witness, and these records were in some respects conflicting. We cannot say as a matter of law that defendant's evidence was conclusive, and we sustain the finding of the jury.

Error is assigned because Mr. Harpole was permitted to testify, using the records of the association as a memorandum, without any proof as to their verity. It may be conceded that no foundation was laid for the use of this memorandum. The error is not material, for the only evidence the witness gave from this memorandum, which was objected to on this ground, was as to the number of crates in this car. This was not a matter of controversy in the case.

Error is also assigned because the court received in evidence a sheet from plaintiff's loose-leaf ledger, on the ground that it was not shown to be an account book within the terms of R. L. 1905, § 4719. This was received for the sole purpose of showing the amount received by plaintiff from the sale of the berries. This evidence bears only on the measure of damages. Plaintiff's damage was the difference between the value of the berries as they would have arrived, if carried properly, and their value as they did in fact arrive.

There was evidence that, as they arrived, they were worth approximately one dollar a case, or $344 in all; that Dore & Redpath received for the other half of the car $415.75. There was no other evidence as to the value as received, except this ledger entry, and that showed that plaintiff received $499 for its half of the car. Manifestly the evidence would have been more favorable to plaintiff, had defendant's objection been sustained.

The ledger entry was, however, properly received. It was, in fact, an original entry. Mr. Graupman, plaintiff's manager, testified in substance that this ledger is a record kept in plaintiff's office; that the entries in it are made at the time of the transactions, from temporary sales slips which are not preserved; that this entry was made by a clerk in the office; that he did not know whose handwriting it was; that he saw it at the time it was made up; and that it was a true and correct statement of the account of the sale of this car. The only question arises from the fact that the witness stated that he did not know the handwriting of this entry. Taking all his testimony together, it is apparent that he meant that, while the entry was made by some clerk in the office and necessarily in the handwriting of such clerk, he could not tell which one. The foundation was sufficient.

Error is assigned because the court received evidence as to the customary time for unloading a car of damaged berries. This testimony had some bearing on the question whether plaintiff proceeded with proper dispatch, and it was not error to receive it. Armstrong v. Chicago, M. & St. P. Ry. Co. 45 Minn. 85, 47 N. W. 459; Hinton v. Eastern Ry. Co. 72 Minn. 339, 75 N. W. 373; Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665.

Error is assigned in that the court refused to submit to the jury the question as to whether respondent filed its claim within four months after delivery of the property, as provided by the bill of lading. The burden of proof as to this was upon appellant. Hatch v. Railway Co. 15 N. D. 490, 107 N. W. 1087; Texas v. Crowley (Tex. Civ. App.) 86 S. W. 342. The only evidence was as follows:

On cross-examination of Mr. Graupman, a statement of claim

against the Chicago, Milwaukee & St. Paul Railway Company, dated December 13, 1909, was shown witness, and the following dialogue ensued: "Q. Did you file a claim with either of the companies, the Illinois Central or the Chicago, Milwaukee & St. Paul? A. File a claim? Q. Yes; file a claim for damage on account of the loss of berries? A. My partner did. Q. Who do you mean by your partner? A. Mr. Murphy. Q. Mr. Graupman, I show you Exhibit 1, and I ask you whether or not that is the claim filed by the B. Presley Company with the Chicago, Milwaukee & St. Paul Railway Company? A. I think it is; I didn't make it; it is the first time I ever saw it. Q. Do you recognize the handwriting? A. No. Q. That is your regular claim blank? A. Yes. Q. And as far as you know this was made in the regular course of your business and filed with the railroad company? A. Yes, sir."

Manifestly this is not sufficient to sustain a finding that no claim was filed against the appellant, the Illinois Central Railroad Company, within the required time.

The order appealed from is affirmed.