## THOMAS E. STEWART and Another v. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY.[1]

May 29, 1914.

Nos. 18,743—(43).

**Contract — limitation of action to enforce.**

1. Contract stipulations limiting the time within which an action may be brought thereon, when not unreasonable, are valid, though the period fixed be at variance with the statutory limitations.

**Insurance — suspension of right to bring action.**

2. Where, in an insurance contract, such a stipulation is coupled with a further provision by which, after the loss occurs, the right to commence the action is suspended for an indefinite period, the duration of which depends upon some action to be taken by the insurance company, and over which the insured has no control, the limitation period commences to run from the time the suspension of the right to sue has terminated.

Action in the district court for Ramsey county to recover $2,000 upon defendant's policy of insurance upon the life of plaintiffs' son. The defense set up in the answer is stated in the opinion. The case was tried before Kelly, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,456 in favor of plaintiffs. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1] Reported in 147 N. W. 651.

*William G. White* and *Harvey E. Hall,* for appellant.
*A. J. Hertz* and *James E. Markham,* for respondents.

BROWN, C. J.

Defendant is a mutual benefit association, duly incorporated, under the laws of the state of Kansas, and licensed to and doing business in this state. On May 11, 1911, the association issued and delivered to Harrison E. Stewart a benefit certificate in and by which it promised and agreed to pay to plaintiffs herein, father and mother of Stewart, a certain sum of money on the death of the insured and upon the conditions and terms specified in the contract. Stewart died in March, 1912, and this action was thereafter brought to recover upon the certificate of insurance. The defense to the action was: (1) The alleged default of Stewart to pay the premium due in February, 1912, the month preceding his death; and (2) that the action was not commenced within the time prescribed by the by-laws of the association, namely, within one year from the date of the death of the insured. This provision of the by-laws formed and constituted a part of the contract. The first defense stated was not sustained by the evidence, and it was shown that decedent was not in default in payment of the premium referred to, and was in good standing at the time of his death. The second defense was established, if the provisions of the by-laws relied upon in support thereof be construed in harmony with defendant's contention, for the action was not commenced within a year from the date of death. The insured died in March, 1912, and the action was not commenced until May, 1913. Plaintiffs had a verdict and defendant appeals from an order denying its alternative motion for judgment or a new trial.

The substantial question presented by the assignments of error is whether the right of recovery upon the certificate was barred by the failure to commence the action within the year following the death of the insured. The first assignment of error presents a question of practice which we deem unnecessary to consider, further than to say that, if there was error in the ruling complained of, it was without prejudice and is no ground for reversal. The pleadings clearly presented the issues in the case and they were fully litigated on the

125 M.—33.

trial and the cause disposed of upon the merits. Whether, therefore, plaintiffs should or should not have been required to assume the burden of the evidence is not now important. We come then to the real question in issue.

1. The by-laws of the association which, as stated, formed a part of the insurance contract, contain among others the following provision, namely:

"No action for recovery on a death claim, based upon any beneficiary certificate heretofore or hereafter issued by the National Council, can or shall be brought or maintained until after the proofs of death and of claimant's rights to benefits as provided by these laws, shall have been filed with the national secretary and passed upon by the national executive committee, nor unless brought within one year from the death of the member."

In compliance with this by-law plaintiffs duly made and presented proofs of death, and they were passed upon by the association and the claim rejected in July, 1912. The evidence does not show when, if at all, the association informed plaintiffs of its action in rejecting the claim; nor does it appear that the association was required by the laws of the order to so notify them. The action was, however, commenced within a year from the date of rejection but not within a year from the date of death.

It is well settled by the decisions of this and other courts that contract stipulations, limiting the time within which an action may be brought thereon, are valid, when not unreasonable, though the time fixed thereby be at variance with the statutory limitations. 2 Dunnell, Minn. Dig. § 4732; 1 Vance, Ins. 507; 19 Cyc. 905, and authorities there cited. Such stipulations are found in nearly all contracts of insurance and with few exceptions have been sustained. But when coupled with other stipulations and conditions, by which the right to sue on the contract is suspended or postponed pending the happening of some event subsequent to the loss, the happening of which is dependent upon the action of one or both the parties, and necessarily absorbs much of the period fixed for the commencement of the action, the limitation clause has not always been construed or given effect in strict accord with its language. The question is usual-

ly treated as a matter of contract to which the rules in respect to the construction of statutory limitations do not apply. In those cases where by the contract the insurance company reserves the right of arbitration for the purpose of determining the amount of its liability, no time being fixed therefor, or where the contract provides that payment may be delayed by the company for 60 or 90 days after proofs have been furnished, many of the courts have held that the period of limitation does not commence to run until the arbitration has been had and the amount of the loss thus determined, or until the expiration of the time reserved to the company in which to make payment. 19 Cyc. 906; Matt v. Iowa M. A. Assn. 81 Iowa, 135, 46 N. W. 857, 25 Am. St. 483; McConnell v. Iowa M. A. Assn. 79 Iowa, 757, 43 N. W. 188; Sun Ins. Co. v. Jones, 54 Ark. 376, 15 S. W. 1034; Case v. Sun Ins. Co. 83 Cal. 473, 23 Pac. 534, 8 L.R.A. 48; Steen v. Niagara F. Ins. Co. 89 N. Y. 315, 42 Am. Rep. 297; Insurance Cos. v. Scales, 101 Tenn. 628, 49 S. W. 743.

The courts are not in full harmony upon the question, though this court by the decision in Chandler v. St. Paul F. & M. Ins. Co. 21 Minn. 85, 18 Am. Rep. 385, seems in line with the rule applied by the authorities cited. It has been said that a majority of the courts are opposed to the rule stated. 1 Vance, Ins. 509; Clement, Ins. 390. But that phase of the question is not involved in the case at bar. We refer to the authorities for the purpose of applying by analogy the rule thus laid down to the facts at bar. We have here a situation, created by inconsistent stipulations, wholly differing from that arising from the mere right of arbitration, or the extension of time within which payment may be made after proofs have been furnished. Under the provisions of this contract the insurance company, by exercising a right given thereby, namely, that of determining in its own way the question of its liability, may occupy substantially the greater portion or the whole time limited to the insured within which to bring the action, thus materially impairing that right or destroying it altogether. The contract provides that no action shall or can be brought thereon until proofs of death have been furnished "and passed upon by the national executive committee" of the association, nor unless brought within one year from the death of the member.

No time is prescribed within which the association shall "pass upon the claim;" the beneficiary is given no voice in the matter, he has no right to speed the hearing, but must patiently abide the deliberations of the association, which may be prompt or delayed at its pleasure. The "national executive committee" is authorized to refer doubtful claims to a "law committee" for investigation, with no provision fixing the time within which that committee shall act. In short the whole matter of "passing upon the claim" is reserved to the association to be taken up and disposed of at its pleasure or the pleasure of the committees to which it may be referred. No notice is given the beneficiary of the pending proceedings, or of the result reached, a fact he must ascertain by inquiry. During all this time the right of action on the contract is suspended while, under defendant's construction thereof, the limitation of time within which suit may be brought is running and growing shorter in proportion to the time occupied by the association in passing upon the claim. In view of this situation, created by these inharmonious provisions of the contract, we apply the general rule that ambiguities and uncertainties in contracts of this kind should be construed most strongly against the company, and in that light have no difficulty in holding that the time taken in passing upon the merits of the claim should be deducted from the period of time within which the action must be brought; and further, that such limitation does not commence to run until the association has passed upon the claim and the insured notified thereof. Any other conclusion would enable the association to at least greatly reduce the year allotted for the commencement of the action, if not wholly take it away. To avoid this it should be held, as was held in some of the authorities cited, that the strict language of the clause limiting the time for commencing the action must be deemed modified by the other inconsistent clause reserving in the association the right indefinitely to postpone the time when the action may be brought. That provision of the contract is of equal force with the limitation provision. 19 Cyc. 903.

This conclusion, as we view the question, is not only sound in principle, but sustained by authority. 2 May, Ins. § 479; 2 Bacon Benefit Co. 443; Leach v. Republic F. Ins. Co. 58 N. H. 242; Dwell-

ing House Ins. Co. v. Kansas L. & T. Co. 5 Kan. App. 137, 48 Pac. 891; Insurance Cos. v. Scales, 101 Tenn. 628, 49 S. W. 743; Steel v. Phenix Ins. Co. 51 Fed. 721, 2 C. C. A. 463; Friezen v. Allemania Ins. Co. (C. C.) 30 Fed. 352; Standard Ins. Co. v. Davis, 59 Kan. 521, 53 Pac. 856; Hong Sling v. Royal Ins. Co. 8 Utah, 135, 30 Pac. 307; 19 Cyc. 906. It in no way destroys or abrogates the contract stipulation. The legal effect of the clause, suspending the right of action pending the determination by the association of its liability, is simply to toll the running of the limitation period until that determination is made. The result is far more satsfactory, and seems more consistent with principle, than the suggestion of counsel for defendant that a failure of the association promptly to act on its reserved right should be held a waiver of that right. To so hold would put the insured to the burden of determining when the right might be deemed waived. The consistent and just rule is to deduct the time occupied by the association under the reserved right from the limitation period.

The case is distinguishable in its facts from those involving arbitration rights. In such cases, under the standard form of insurance policies, as well as under the statutes, at least in this state, (R. L. 1905, § 1645) either party may secure a prompt submission to and determination of the arbitration. In other words the matter of arbitration, pending which no action can be brought on the contract, is not, as in the case at bar, wholly within the power of the company. For this reason the case of Rottier v. German Ins. Co. of Freeport, 84 Minn. 116, 86 N. W. 888, is not in point. The question was not involved in Willoughby v. St. Paul German Ins. Co. 68 Minn. 373, 71 N. W. 272. That action was founded wholly upon the claim that the arbitration there relied upon for recovery created a new contract or promise to pay, to which the policy of insurance was a mere incident. The question here decided was not, as we read the brief and argument of the appellant therein, urged upon the attention of the court. In any event for the reasons heretofore stated the facts of the case at bar are entirely different from those presented to the court in that case.

Order affirmed.