## AARON ROSENTHAL v. SUPREME RULING OF THE FRATERNAL MYSTIC CIRCLE.[1]

April 23, 1915.

Nos. 19,052—(29).

**Mutual benefit insurance.**

In this action to recover on a beneficiary certificate it is *held:*

(1) There was no departure in pleading.

(2) The court did not err in admitting certain evidence.

(3) The verdict is sustained by the evidence.

(4) An allegation of the reply construed and *held* not to be an admission that the insured had failed to pay assessments and .dues.

(5) The verdict is not excessive in amount.

Action in the district court for Ramsey county to recover $1,000 upon defendant's benefit certificate upon the life of Rosa Rosenthal. The case was tried before Olin B. Lewis, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $791.96. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Keller & Loomis,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

BUNN, J.

This action is to recover on a beneficiary certificate issued in Feb-

1 Reported in 152 N. W. 404.

ruary, 1906, by the American Guild to plaintiff's mother, Rosa Rosenthal, insuring her life for the benefit of her son, the plaintiff herein, in the sum of $1,000. In May, 1907, defendant, a fraternal benefit society, assumed the obligations of the American Guild to its members, "took over" its membership, and issued to plaintiff a certificate obligating itself to carry out the certificate issued by the American Guild upon the same conditions and terms.

The complaint alleged the foregoing facts, the death of Rosa Rosenthal, notice thereof to defendant, and a denial of liability and refusal to pay. The answer admitted the issuance of the certificate by the American Guild, the assumption of its obligations by defendant and the death of the insured. It set up two defenses; (1) Fraudulent misrepresentation as to the age of the insured made in her application; (2) that the insured paid no assessments or dues after March, 1908, by reason whereof her certificate lapsed April 30, 1908, under the constitution, laws and rules of the American Guild and of defendant. In addition the answer set forth the certificate, from which it appeared that the amount of the insurance was "a sum not exceeding $1,000, less the amount to be deducted for unexpired life expectancy of said member, as authorized by and in accordance with the constitution and laws of the American Guild in force at the time of death." The reply, in addition to a general denial, contained these words:

"Plaintiff admits that the rules and laws of the defendant require of its beneficiary members the payment of certain assessments by way of insurance premiums, and alleges that Rosa Rosenthal during her membership in said respective orders, and up to the time of her death, was ready, able and willing to pay all such assessments, and in fact did pay all assessments which the defendant herein required or permitted her to pay, and the defendant waived the payment of any other and further assessments or dues than those actually paid by her."

On the trial, it being announced by defendant that it made no question of the failure to furnish proofs of death, plaintiff rested. Defendant moved to dismiss on the ground that plaintiff had not proved the payment of dues and assessments, or any excuse for the

nonpayment. The motion was denied, and defendant proceeded to offer evidence in support of its defense of fraud. It offered no evidence whatever as to the failure to pay assessments or dues. At the close of the evidence the court denied defendant's motion to direct a verdict, and submitted the case to the jury on the issue of fraud or misrepresentation of the age of the insured, instructing in substance that defendant was entitled to recover if there was fraud or misrepresentation, but otherwise that plaintiff was entitled to a verdict for $1,000, less one assessment for $1.32 per month for every month of the expectancy of the insured's life, which was stated to be 182 months, making the amount to be deducted $240.24. The jury returned a verdict for plaintiff in the sum of $791.96. Defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial and appealed from an order denying such motion.

The grounds urged for reversal are: (1) That there was a departure in pleading; (2) that the court erred in admitting certain evidence as to the age of the insured; (3) that the verdict is not sustained by the evidence; (4) that the reply admitted the allegations of the answer as to nonpayment of assessments and dues; (5) that the verdict is excessive, because of errors in the court's instruction that the monthly assessments were $1.32.

1. There was no departure in pleading that called for a dismissal of the case. It was not necessary for plaintiff to plead in the complaint that all assessments and dues had been ·paid. This was a matter of defense and the burden rested with defendant. The reply is in no proper sense a departure.

2. We find no error in permitting plaintiff to testify to the "family tradition" as to the age of his mother when she died.

3. The question of the age of Rosa Rosenthal was the pivotal one in the case. We have examined the evidence and find it conflicting, but sufficient to support the verdict.

4. Defendant relies chiefly upon its contention that the reply admitted the nonpayment of assessments and dues, and therefore that it was entitled to a verdict. We have stated the allegations of the reply which are claimed to constitute the admission, and are unable to agree with defendant. It was competent for plaintiff to deny the

·nonpayment of assessments, and also to allege that if any were not paid, defendant had waived nonpayment. We think that the reply did not relieve defendant from the necessity of proving the allegations ·of its answer. It made no attempt to do so, and, as it had the burden of proof, the court correctly ruled that this defense was not in the case.

5. Defendant claims that the "unexpired expectancy" of the life of the insured should have been allowed on the basis of $2.05 per month, instead of $1.32 per month. It is claimed that the former sum was the amount of the monthly assessment insured was obligated to pay at the time of her death. The assessments that plaintiff paid in her lifetime were $1.32 each month, and we fail to find evidence that supports defendant's claim that it was entitled to receive $2.05 per month from the insured.

Order affirmed.