ANETA ABRAMOVITZ AND ANOTHER v. NATIONAL COUNCIL
OF KNIGHTS AND LADIES OF SECURITY.[1]

October 20, 1916.

Nos. 20,077—(19).

**Benefit certificate — proof of death condition precedent to right of action.**

1. A membership certificate issued by defendant, a fraternal beneficiary society, provided that: "No action can or shall be maintained on this certificate until after proofs of death and claimant's rights to benefits as provided for in the laws of the order have been filed with the national secretary" etc. *Held*, that this provision made it a condition precedent to the right of action that the beneficiaries named in the certificate present to defendant the proofs specified.

**Waiver of proofs.**

2. Defendant did not waive such proofs either by pleading inconsistent defenses or by denial of liability in the answer. The defenses were not inconsistent, for they might all be true. The denial of liability in order to effect a waiver of proofs of loss must have preceded the institution of the suit. There is no such denial pleaded.

**Pleading — reply construed — payment of dues.**

3. The reply, in averring that the member paid all the monthly assessments which defendant permitted him to pay and that since August, 1910, defendant refused to accept payments of assessments from him or to recognize him as a member, admitted the allegations of the answer that no monthly assessments were in fact paid subsequent to the time stated.

Action in the district court for Ramsey county to recover $2,000 upon defendant's benefit certificate of insurance upon the life of Joseph Schwartz. The case was tried before Michael, J., who denied a motion to direct a verdict for the defendant and granted a motion to direct a verdict for plaintiff in the sum of $1,997.65. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Reversed.

1 Reported in 159 N. W. 624.

*William G. White,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

HOLT, J.

The complaint alleged that in 1906 Joseph Schwartz became a member of a local lodge of the defendant, a fraternal beneficiary society, and, in consideration of certain dues and assessments to be paid, defendant issued a certificate of insurance whereby it agreed to pay $2,000 to plaintiff upon the death of Schwartz; that thereafter Schwartz died, but defendant has failed and neglected to pay plaintiffs the benefit due under said policy. The answer, in substance, is that the certificate was obtained upon false representation as to age; that since and including August, 1910, no monthly dues or assessments had been paid; that the contract of membership provided that failure to pay assessments forfeits all right to membership and benefits; that no proofs of death and of the right of plaintiffs to benefits have been made as provided by the laws of the defendant; and that this action was not begun within the time limited in such laws. The reply admits that the laws of the society require members to pay monthly assessments and that failure to pay forfeits membership, but alleges that Schwartz paid all assessments which defendant permitted him to, and he was willing and ready to pay all, and that in August, 1910, defendant notified Schwartz that it refused to recognize him as a member, and refused to permit him to pay any subsequent dues or assessments. There is also a general denial of the allegations of the answer not expressly admitted. At the trial plaintiffs offered in evidence the certificate of membership of Joseph Schwartz and proved that he died February 25, 1913, then rested. Defendant's motion to dismiss being overruled it also rested. Thereupon each party moved for a directed verdict. Plaintiffs' motion was granted and a verdict returned accordingly. Thereafter defendant moved for judgment notwithstanding the verdict. The motion was denied and a judgment entered from which this appeal is taken.

Plaintiffs rely on the proposition that, in an action of this nature, evidence of the death of the member and the production in court of the membership certificate makes a *prima facie* case for recovery by the beneficiary. Cornfield v. Order Brith Abraham, 64 Minn. 261, 66 N. W. 970;

Monahan v. Order Columbian Knights, 88 Minn. 224, 92 N. W. 972. But the terms of this certificate and the admissions in the pleadings, to our minds, show that a *prima facie* case was not made. The certificate contains this condition: "No action can or shall be maintained on this certificate until after proofs of death and claimant's rights to benefits as provided for in the laws of the order have been filed with the national secretary and passed upon by the national executive committee, nor unless brought within one year from the date of the death of said member." The contention of defendant is that this provision creates an obligation upon the beneficiaries to furnish proofs of death and of their rights as claimants as a condition precedent to the institution of any action to recover benefits under the certificate. The learned trial court, on the contrary, held the cause of action complete upon the death of the member, saying: "The cause of action is complete before this clause of the contract becomes operative and it is not strictly speaking a condition precedent. It merely pertains to, or is in the nature of, a restriction upon the remedy which need not be alleged or proved in chief," citing Hatch & Heinsius v. Minneapolis, St. P. & S. S. M. Ry. Co. 15 N. D. 490, 107 N. W. 1087; Gamble-Robinson Commission Co. v. Northern Pac. Ry. Co. 119 Minn. 40, 137 N. W. 19, and B. Presley Co. v. Illinois Central R. Co. 120 Minn. 295, 139 N. W. 609; Kahnweiler v. Phenix Ins. Co. 67 Fed. 483, 14 C. C. A. 485; Relyea v. Tomahawk Paper & P. Co. 102 Wis. 301, 78 N. W. 412, 72 Am. St. 878.

Text writers on fraternal insurance societies make the general statement that proof of the member's death and of the claimants' right to benefit is considered a condition precedent to the right of recovery. 2 Bacon, Benefit Societies (3d ed.) §§ 401-403, Niblack, Benefit Societies (2d ed.) p. 630. In the nature of things, when the event has occurred which, under an insurance contract, is to obligate the insurer to pay indemnity to the insured or to the designated beneficiary, it should be the duty of the one who is to receive the money to produce proof that the event has occurred which calls for payment and that he is the proper person to receive it. By rights the insurer should not be held in default or to have breached the contract until such proof is produced, except in cases where there has been a waiver of proof. And quite generally insurance

contracts do contain language which, in some form or other, places the burden upon the insured or the beneficiary to produce proofs of loss. We think the first clause of the provision quoted from the certificate, received in evidence, clearly placed the duty upon plaintiffs herein to present to defendant proofs of death and of their title as beneficiaries before they became entitled to the benefits stipulated in the certificate. Construed in connection with the limitation clause therein, this court, in Stewart v. Knights and Ladies of Security, 125 Minn. 512, 147 N. W. 651, held that the quoted provision suspended the cause of action until proofs of loss were furnished and passed upon. This seems equivalent to saying that the cause of action did not accrue until proofs were furnished. The cases cited by the trial court for violations of contract for carriage and for torts do not control here, because in those cases the breach of the contract or the commission of the tort at once gave rise to a common law action, and if there were any contract provision or any statute which stayed the cause of action defendant had to plead and prove it. But here we cannot hold that there is any breach of this insurance contract until plaintiffs have tendered proofs of death of the member and their identity as beneficiaries. The case of Kahnweiler v. Phenix Ins. Co. 67 Fed. 483, 14 C. C. A. 485, relied upon by the court below, was decided upon a point of pleading, the complaint—unlike the one here—alleging that the plaintiff had performed all the conditions to be by him performed and the answer containing only a general denial.

The court below was also of the opinion that, even if the contract introduced required plaintiffs to furnish proof of loss before a cause of action accrued therein, defendant, by pleading inconsistent defenses and by denying all liability in the answer, waived proof of loss. We are unable to hold the defenses inconsistent. They might all be true. Although the insurance may have been procured by fraud, there may also have been default in the payment of assessments, and a failure to furnish proofs of loss as well. Gammon v. Ganfield, 42 Minn. 368, 44 N. W. 125; Lane v. St. Paul F. & M. Ins. Co. 50 Minn. 227, 52 N. W. 649, 17 L.R.A. 197; Minneapolis Threshing M. Co. v. Peters, 112 Minn. 429, 128 N. W. 578, and McAlpine v. Fidelity & Casualty Co. supra, page 192, 158 N. W. 967. Nor did defendant by denial of liability in its answer waive proof of loss. The denial of liability to be effective as a waiver must precede the institu-

tion of suit. There is no proof of such denial, and whatever averments of nonliability the answer contains are met by the general denial in the reply. "A party cannot be allowed to rely on allegations found in his adversary's pleadings to make out his cause of action or defense and at the same time put these allegations in issue by denials." Mosness v. German-American Ins. Co. 50 Minn. 341, 52 N. W. 932. Under any proper view of the pleadings and proof we believe it to have appeared, when the parties rested, that there had been no waiver of the condition precedent to the institution of suit contained in the certificate.

There is another ground upon which the judgment in plaintiffs' favor must fall. After admitting the allegations of the answer in respect to the requirement of monthly assessments and forfeiture of membership in case of failure to pay the same, plaintiffs alleged in the reply a readiness and willingness on the part of Schwartz to pay and the payment of all those which defendant would accept. Then follows this paragraph: "Further replying to said answer the plaintiffs allege that in or about the month of August, 1910, the defendant notified the said Joseph Schwartz that at all times thereafter it would refuse to recognize him as a member of the order and that it refused and would refuse to permit him to pay any further dues or assessments therein and at all times thereafter refused and denied him all of the privileges of membership and refused to abide by or carry out its insurance contract with him evidenced by the bene-ficiary certificate described in the complaint herein." We think this amounts to a clear admission of the allegation in the answer that the monthly assessments of August, 1910, and subsequent months had not in fact been paid. Thereby the *prima facie* proof of the good standing of Schwartz, that otherwise would have been established by the introduction in evidence of the membership certificate, was destroyed, and it became incumbent on plaintiffs to proceed with their proof and establish, if they could, those allegations in the reply which would prevent the forfeiture. This was not done. The decision in Rosenthal v. Fraternal Mystic Circle, 129 Minn. 214, 152 N. W. 404, is not in point, since the pleading there contained no language similar to the paragraph just quoted from the reply herein. We are of opinion that as the record stood at the close of the

testimony plaintiff was not entitled to a directed verdict. This conclusion renders it unnecessary to consider other questions raised by appellant.

The judgment is reversed and a new trial directed.