## CONRAD FINK AND ANOTHER v. CATHOLIC ORDER OF FORESTERS.[1]

November 21, 1924.

No. 24,165.

**Proof of death condition precedent to action on fraternal certificate.**

1. A certificate, issued by a fraternal beneficiary association, provided that it would pay $1,000 to the parents of the insured upon due proof of the fact and cause of the death of the insured during the continuance of the certificate. *Held* that such provision made it a condition, precedent to the right of action, that the beneficiaries present the proof specified.

**Such proof by beneficiaries condition precedent to action.**

2. The certificate also provided that the parties legally entitled to the benefit arising thereon, failing to make application in writing to the high court of the order for such benefit within one year after

[1]Reported in 200 N. W. 809.

the death of the member to whom the certificate was issued, shall forfeit such benefit. *Held* that such provision made it a condition, precedent to the right of action that the beneficiaries present the proof specified.

**Waiver of such proof by defendant.**

3. It does not appear from the record in this case that the defendant waived either proof of death or application in writing of the beneficiaries claiming the benefit arising upon such certificate.

Action in the district court for Dakota county to recover $1,000 upon defendant's benefit certificate. The case was tried before Converse, J., who directed a verdict in favor of defendant. From an order denying plaintiffs' motion for a directed verdict and granting defendant's motion for a directed verdict and dismissing the action on the merits or in the event of denial of such motion then for a new trial, Schultz, J., plaintiffs appealed. Affirmed.

*Kueffner & Marks*, for appellants.

*Julius A. Coller*, for respondent.

QUINN, J.

The defendant is a fraternal beneficiary association, organized under the laws of the state of Illinois, with local lodges in this state from which it transacts business. On December 6, 1908, it issued a certificate of insurance to John Fink, who was a member of its local lodge No. 367, wherein it promised to pay to Conrad and Ursula Fink, parents of the insured, $1,000 upon due proof of the fact and cause of the death of the said John Fink, during the continuance of such certificate. The certificate also contained a provision as follows:

"The person or persons legally entitled to the benefit arising upon this benefit certificate failing to make application in writing to the High Court of the Catholic Order of Foresters for such benefit within one year after the death of the member to whom this certificate is issued shall forfeit such benefit and the funds shall revert to the Order."

John Fink, to whom the certificate was issued, died October 9, 1918. No proof of death was ever filed with either the local lodge or the high court, nor was any such proof of death or of the cause thereof made to the defendant, as provided in the certificate.

This action was begun in August, 1923. At the trial appellants, according to the statement in their brief, which is corroborated by the record, offered in evidence the certificate, proved the death of the insured, and that the certificate had not been paid. The mother testified that, about two weeks after the death of the insured, she went to the secretary of the local lodge and said to him: "John get nothing from the Foresters?" and he said: "No, he is no member any more." The father testified that he went to the president of the local lodge in May, 1919, when the following conversation occurred: "Mr. Jungbauer asked me if I wanted—I had two boys— he asked if I leave the two boys go in the same union, Catholic Foresters. I says 'For my part no.' I says, 'My son John he died; where is my thousand dollars? Can I get any money for it?' He says, 'No, he is throwed out of the lodge because he don't make his confession." Then I says, 'I don't say a * * * word; it is up to them; if they want to go in they can."

The defendant then offered proof to the effect that it had never received any demand or claim for payment on the policy from the appellants.' Both sides then rested and each moved for a directed verdict. By stipulation of counsel, the court excused the jury, took the matter under advisement and later ruled against the contention of the plaintiffs and in favor of the defendant. Thereafter appellants moved for an order vacating and setting aside the decision of the court, dismissing the action on its merits and denying plaintiff's motion for a directed verdict, and refusing to direct judgment to be entered in favor of the plaintiffs and against the defendant, as prayed for in the complaint. From an order overruling said action, this appeal was taken.

In presenting their case to this court, appellants urged strongly that a waiver of the conditions and requirements contained in the certificate was made by the respondent. In this regard they relied entirely upon their testimony above quoted. The contract of insurance provided as follows:

"No officer or member of any department or branch of the Catholic Order of Foresters shall have any authority, power, or right to represent or to act as the agent of the order except in the performance of the duties specifically imposed upon him by the laws, rules and regulations of the order or by express direction in writing of the High Court or of the respective State or Provincial Courts of the order."

To show a waiver, the burden is upon those asserting it. Bratley v. Brotherhood of American Yeomen, 159 Minn. 14, 198 N. W. 128; Louden v. Modern Brotherhood of America, 107 Minn. 12, 119 N. W. 425; Elder v. Grand Lodge A. O. U. W. 79 Minn. 468, 82 N. W. 987.

For four years, following the death of the insured, appellants made no effort to perfect their claim against respondent. No proof of the fact or cause of death was even attempted. No proof was ever furnished to respondent that appellants claimed to be entitled to any benefits arising upon such certificate, nor was any proof of a waiver offered other than the testimony referred to. The case falls within the rule announced in Abramovitz v. National Council K. & L. of S. 134 Minn. 302, 159 N. W. 624; Stewart v. National Council, 125 Minn. 512, 147 N. W. 651.

We are of the opinion that, as the record stood, when the jury was excused and the cause was submitted to the court for decision, the defendant was entitled to a directed verdict. The other questions raised in the brief need not be considered under this view of the case.

Affirmed.