BRUNOT, J.
 

 Dendinger, Inc., obtained a judgment against Albert E. Peterson, who is the president and principal stockholder of the plaintiff company. In executing the said judgment, Dendinger, Inc., seized and advertised for sale the interest of Albert P. Peterson in a then pending suit in the civil district court entitled, “Albert F. Peterson v. Mechanics’ & Traders’ Insurance Company.” The plaintiff applied for an injunction restraining Dendinger, Inc., from proceeding further with the seizure and sale of Albert P. Peterson’s interest in said suit. The court issued a temporary restraining order and a rule to show cause why a preliminary injunction should not be granted. The defendant did not respond to the rule and, on the return day thereof, the rule was made absolute and the bond was fixed. Later the bond was increased and a preliminary injunction issued. Poliowing the issuance of the injunction .the defendant answered the suit. Subsequently Peterson obtained judgment against the insurance company.
 

 The petition alleges that on January 12, 1927, the plaintiff acquired all of the right, title, and interest of Albert P. Peterson in the suit entitled “Albert P. Peterson v. Mechanics’ & Traders’ Insurance Company,” No. 163,292 of the docket of the civil district court for the parish of Orleans, by assignment, for a valid consideration, and that written notice of this assignment was given to the Mechanics’ & Traders’ Insurance Company on January 14, 1928. The defenses alleged in the answer are that the assignment by Albert P. Peterson to the Beauville Realty Company, Inc., of his interest in the suit of “Albert P. Peterson v. Mechanics’ & Traders’ Insurance Company,” is a simulation, or if not, it was fraudulent, without consideration, and was resorted to for the purpose of defeating the rights of defendant, his judgment creditor, and, in the alternative, that plaintiff acquired no right by said assignment which primed the rights of defendant, because no notice of the assignment was placed in the record of said suit.
 

 In bar of two of the defenses set up in the answer, viz. simulation and assignment by Albert P. Peters on in fraud of his creditors, the plaintiff pleaded the prescription of one year.
 

 The ease was tried on the issues stated and from a judgment sustaining plaintiff’s plea of prescription, perpetuating the injunction issued on the application of the plaintiff, and, decreeing the plaintiff the assignee of the interest of Albert P. Peterson in the suit of Albert P. Peterson v. Mechanics’ & Traders’ Insurance Company, the defendant appealed.
 

 The record shows that Albert P. Peterson was the holder of a mortgage note for $7,350. The improvements on the mortgaged property were insured with the Mechanics’ & Traders’ Insurance Company. The policy of insurance contained a “loss payable” clause to the mortgagee as his interest might appear. This mortgage note, together with the insurance policy, were given to Dendinger, Inc. . Whether the delivery of the mortgage, note and insurance policy were given to Dendinger, Inc., to pay a debt the plaintiff owed the defendant
 
 *873
 
 or merely as security for such debt, is a disputed question, which the trial judge, in our opinion, properly considered immaterial. When the policy of insurance was delivered to Dendinger, Inc., no change in the “loss payable” clause was authorized. The improvements on the mortgaged property were insured for $7,000 and were totally destroyed by fire. The Mechanics’ & Traders’ Insurance Company resisted payment and Albert F. Peterson filed a suit against the insurer for the full amount of the policy. As a witness in this case Albert F. Peterson admits that pursuant to an oral agreement with Dendinger, Inc., he brought the suit against the insurance company for the benefit of defendant. While this suit was pending the defendant obtained judgment a'gainst Peterson for the amount of his indebtedness to defendant, and, because defendant issued execution on its judgment and seized and sold thereunder the $7,350 mortgage note and bought in that note for $100, instead of foreclosing the mortgage and selling the mortgaged property, Peterson refused to carry out his oral agreement with defendant, and assigned his interest in the suit of Albert F. Peterson v. Mechanics’ & Traders’ Insurance Company to the plaintiff. The learned judge of the civil district court in his reasons for judgment says:
 

 “Peterson was and is the president of the plaintiff corporation and owns all but a comparatively small part of its stock. Other stockholders, except one, are members of his immediate family. The corporation appears to have done no business but hold and handle real estate transferred to it by Peterson and his family. Its funds, derived mainly from the sale or mortgage of its real estate, were at the disposal of Peterson and his father, and were used from time to time, as desired, in their personal business or to pay their personal and family expenses. . The main purpose, it may be, of the corporation, was to protect Peterson and his father from their creditors.
 

 “Nevertheless, it is a corporation de facto et de jure, and the record proves that at the time the judgment was assigned to it, Peterson owed it more than the amount of the judgment ; so it must be held that there was an actual and real assignment, which cannot be brushed aside as a mere simulation.”
 

 The judge then discusses the admitted motives and purposes of Peterson for violating his agreement to carry on his suit.against the Mechanics’ & Traders’ Insurance Company, for the benefit of defendant, and reaches the following conclusion:
 

 “It results from these facts that the assignment of the insurance judgment, though real, was fraudulent for both parties.
 

 “At this point counsel for plaintiff argue, it must be said very impressively, that the answer of the defendant,- which the court construed to amount to a reconventional demand for the nullity of the assignment, could not support proof, because it failed to allege that Peterson was insolvent when it was made or that no other property could be found on which defendant’s judgment against him could be executed. * * * But the plaintiff’s plea of prescription of one year against the defendant’s reconventional demand is so plainly good that other matters seem unnecessary to the decision.
 

 “The assignment attacked was made January 12, 1927, and was notified to the insurance company the first or second day thereafter. The pleading by which defendant demanded the nullity of the assignment was filed April 10, 1928, and the prescription of C. O- art. 1987, applies.”
 

 We think that plaintiff’s plea of prescription was properly sustained, and that the judgment appealed from is correct, and it is therefore affirmed, at appellant’s cost.