For the reasons assigned, the judgment appealed from is affirmed.

(123 So. 596)

No. 29462.

PETERSON v. MECHANICS' & TRADERS' INS. CO.

June 17, 1929. Rehearing Denied July 8, 1929.

Spearing & Mabry, of New Orleans, for appellant.

Dart & Dart and L. L. Dubourg, all of New Orleans, for appellee.

ROGERS, J. The plaintiff held a mortgage note for $7,350 executed by one George Letten. He also held a policy of insurance for $7,000, issued by the defendant against the mortgaged premises. Plaintiff was indebted to Dendinger, Inc., and delivered to his creditor the note and the policy to secure the amount of his indebtedness. No change was made, however, in the "loss payable clause" of the policy. The mortgaged property was destroyed by fire, and Dendinger, Inc., promptly demanded payment for the loss. This de-

mand was refused by the insurance company on the ground of lack of interest. Later, plaintiff made demand for the payment of the policy, which was also refused by the insurer for certain technical reasons. This suit was then instituted for the recovery of the amount of the policy, together with the statutory penalty and $1,000 as attorney's fees. Defendant filed numerous exceptions, which were overruled. Thereafter it filed its answer, and the trial on the merits resulted in a judgment for defendant, dismissing plaintiff's suit. Plaintiff applied for a new trial, which was granted, and on the second trial of the case judgment was rendered in favor of plaintiff for the amount of the policy, the statutory penalty, and $700 additional, as attorney's fees. From this judgment, defendant is prosecuting the present appeal.

. The defendant argues three grounds of defense to plaintiff's suit, viz.: Lack of interest; prematurity; partial loss only.

1. The basis of defendant's contention that plaintiff is without interest to prosecute this suit is twofold, viz.: (a) That the delivery of the note to Dendinger, Inc., made that company the mortgagee, and as such it was invested with a complete title to the note and the insurance policy at the date of the fire; (b) that the note itself was adjudicated to Dendinger, Inc., in execution of its judgment against plaintiff.

(a) The note was held by Dendinger, Inc., merely as collateral security for a debt due it by the plaintiff. At the time of the fire, plaintiff was the owner of both the note and the insurance policy. The fact that he had pledged the note and delivered the policy to Dendinger, Inc., did not alter the legal situation. In fact, Dendinger, Inc., itself, never considered that it owned the note, because; admittedly, pending this suit, that company obtained a judgment against the present

plaintiff for the amount of its indebtedness and seized and sold the note in execution of its judgment. Dendinger, Inc., became the purchaser of the note for $100 at the sheriff's sale. Subsequently, it foreclosed on the note and sold the remnant of the mortgaged property for $1,000.

██ (b) The present suit was filed May 12, 1926, and was tried in the court below on January 24, 1928. Dendinger, Inc., acquired the note in question at the sheriff's sale held between those dates, namely, on May 3, 1927. It does not appear that defendant set up by any formal pleading that plaintiff's right of action had abated by reason of the acquisition by Dendinger, Inc., of the mortgage note. But be that as it may, the pledge of the mortgage note did not per se carry with it the pledge of the insurance policy. Nor did the adjudication of the note at the sheriff's sale have the effect of transferring to the adjudicatee the mortgagee's rights in the insurance contract. Under that contract it was not the debt represented by the note that was insured, but the property which was mortgaged to secure the debt. The protection to the debt was merely a consequence flowing from the primary obligation of the insurer to indemnify the insured (mortgagee) against the loss of the property by fire. Dendinger, Inc., never attempted to assert judicially any right of ownership in the policy or its avails. As a matter of fact, that company, under its judgment against plaintiff, actually caused a seizure to be made of plaintiff's interest in this suit. The seizure was enjoined by the Beauville Realty Company, to which plaintiff had previously assigned his litigious rights. This injunction, after a warmly contested litigation, was maintained. See Beauville Realty Co. v. Dendinger, 167 La. 870, 120 So. 580. Plaintiff is apparently prosecuting the suit for the benefit of his assignee. This may be done. Succession of Delassize, 8 Rob. 259; Towne

v. Couch, 7 La. Ann. 94; Dugue v. Levy, 120 La. 372, 45 So. 280.

██ 2. The plea of prematurity is founded upon the alleged failure of the defendant insurance company to receive any proofs of loss. There is a conflict in the testimony concerning the furnishing of such proofs. However, it is not necessary for us to consider this testimony, because under the terms of the contract between the insurance company and the mortgagee the latter was not bound to make proofs of loss nor for the consequences of the mortgagor's failure to make them. The law is well settled that unless the mortgage clause expressly makes it obligatory on the mortgagee to furnish proofs of loss, he is not required to furnish them as a condition precedent to his right of action on the policy, and the failure of the mortgagor or owner to timely furnish proofs of loss constitutes one of the neglects from the invalidating consequences of which the mortgagee is exempted. See Dwelling House Ins. Co. v. Kansas Loan & Trust Co., 5 Kan. App. 137, 48 P. 891; Glens Falls Ins. Co. v. Porter, 44 Fla. 568, 33 So. 478, and authorities therein cited.

██ 3. On the first trial of the case, defendant attempted to prove by certain witnesses that the loss was only partial and not total. Upon plaintiff's objection, the testimony was excluded by the trial judge. Until the defendant company attempted to introduce the excluded testimony it had made no claim whatever that the loss was less than a total one. No such claim was set up in its answer. Its sole defenses, according to its pleadings, were lack of interest in the plaintiff to prosecute the suit and failure to furnish proofs of loss. These circumstances were the basis of the objection and the ruling. On the second trial of the case, the defendant made no attempt whatever to prove that the loss was less than a total one.

Our conclusion is that there is no merit in

any of the defenses set up to plaintiff's action, and that therefore the judgment rendered by the court below is correct. This applies also to plaintiff's demand, by way of an answer to the appeal, for an increase in the amount allowed for attorney's fees.

For the reasons assigned, the judgment appealed from is affirmed.