MARTHA STRZELICKA, Appellant, *v.* CHICAGO FRATERNAL LIFE ASSOCIATION, Respondent.*

Fourth Department, November 5, 1931.

* Revg. 140 Misc. 517.

*Julius A. Schreiber*, for the appellant.

*John H. Clogston*, for the respondent.

SEARS, P. J. The plaintiff is the beneficiary as to death benefits named in a certain certificate issued by the defendant, a fraternal benefit association, to Boleslaus Poplawski, a member of the association. The suit is for the death benefits. The only matters involved in this appeal relate to certain provisions of the contract between Poplawski and the defendant limiting the time within which an action to recover death benefits must be brought. The benefit certificate contains these words: " That Boleslaus Poplawski is a member of said Society [the defendant] and is entitled to such rights and privileges in the Society as are provided by its constitution and laws, upon condition that this benefit certificate, the articles of incorporation of the Society, the constitution and laws thereof, the statements made in the application for membership, and the statements made to the medical examiner and all amendments to each thereof shall constitute the contract between the member and the Society, and upon condition that said member complies in the future with and shall be bound by the laws, rules and regulations now governing the said Society, or that may hereafter be enacted by the supreme conclave, to govern said Society, and that the said contract of membership shall be governed by the laws, rules and regulations of the Society in force at the date of the death, or the happening of the disability of said member, and upon condition, binding said member and every person accepting or acquiring any interest in this benefit certificate that no action at law or in equity shall be brought or maintained on any cause or claim arising out of such membership in the Chicago Fraternal Life Association or on this benefit certificate, unless such action is brought within six months from the date of the death or happening of the disability of the member. These conditions being complied with * * * the Chicago Fraternal Life Association binds itself to pay to Martha Poplawski [the plaintiff] One Thousand Five Hundred Dollars, in accordance with and under the provisions of

the laws governing said society upon satisfactory evidence of the death of said member, and upon the surrender of this Benefit Certificate; provided," etc.

The provisions following the above-quoted words are not material here.

In the application for membership signed by Boleslaus Poplawski these words occur: " And for myself, and for any person or persons accepting or acquiring any interest in any benefit certificate issued on this application or arising out of my membership therein, I agree that no action at law or in equity shall be brought or maintained on any cause or claim arising out of my membership or on said benefit certificate, unless an action is brought within six months from the date of my death or the happening of my disability."

The by-laws of the defendant, which by the terms of the benefit certificate, in accordance with section 232 of the Insurance Law, are made part of the contract between the defendant and its member, contain a somewhat different provision. Section 407 of the by-laws contains the following: " No action at law or in equity in any court for the recovery on a death claim based upon any benefit certificate heretofore or hereafter issued by this society, can or shall be maintained until after the proofs of death and claimant's rights to benefits as provided in these by-laws shall have been filed with the Supreme Secretary, nor unless brought within six months from the date of death of the member."

This section by its language not only fixes a limit after which action cannot be brought but also sets out conditions which must be complied with before an action may be brought. We must, therefore, see whether under the by-laws the beneficiary is assured a reasonable time to bring the action after the occurrence of the conditions precedent and before the expiration of six months from the death of this member. Reference must, therefore, be made to the other provisions of the by-laws relating to the filing of proofs of death and claimant's rights to benefits. As far as they are material here such provisions relating to proof of death and claimant's right to benefits are contained in sections 395, 396, 397, 400 and 401 of the by-laws and may be summarized as follows: On the death of a member in good standing the duty is imposed on the secretary of the local branch to ascertain the cause and circumstances attending the member's death and to send official notice thereof to the supreme secretary, who, if he finds that the report of the secretary of the local branch is complete and that the deceased was in good standing at the time of his death, is to send to the secretary of the local branch a blank form for proof of death. Thereupon the committee on claims, consisting of the

president, secretary and collector of the local branch, is to obtain from the family of the deceased member certificates of the physician, undertaker and clergyman, and the statement of the beneficiary, and to complete the proof of death and immediately to send it to the examiner of claims. The examiner of claims, when satisfied with the proofs and the validity of a claim, is to forward the proofs and all papers in the case to the medical board which examines and returns the same with its approval or disapproval indorsed thereon. Upon the return of the proofs and papers relating to a claim and when satisfied of its validity and on the approval of the examiner of claims, the medical board, the supreme president and the supreme secretary, the last named officer is to draw and sign an order in favor of the person or persons entitled to the benefit.

The by-laws do not provide for filing of proofs of death or of claims by the beneficiary directly with the supreme secretary. Under the complicated machinery erected by the by-laws, it is evident that the preparation of the proof of death is to be attended to by the officers of the local branch, and the proof of death including the beneficiary's statement does not reach the supreme secretary until after the examiner of claims has become satisfied with the proofs and with the validity of the claim and after approval by the medical board. The by-laws give the beneficiary no means of expediting action by the association's officers, or securing a prompt filing of the proofs of death and of the claimant's rights to benefits with the supreme secretary. In fact, no notice is required to be given the beneficiary of any of the acts of the defendant's officers.

Attached to the proofs in evidence in this case there are forms for certificates by the medical director and by the examiner of claims, supreme president and supreme secretary. These certificates are without signature. It is, therefore, impossible to say when, if at all, according to the by-laws, the proofs of death and of claimant's rights to benefits were in fact filed with the supreme secretary.

The by-laws thus fail to assure to the beneficiary the filing of proofs of death and of claimant's right to benefits with the supreme secretary within six months of the member's death. It would, therefore, be unreasonable to give literal effect to the language of the by-laws and of the certificate and application which provides in substance that no action can be brought or shall be maintained to recover a death benefit unless the action is brought within six months from the date of the death of the member. (*Stewart* v. *National Council of K. and L. of S.*, 125 Minn. 512; *Dechter* v. *National Council of K. and L. of S.*, 130 id. 329.)

The complaint alleges that " after the death of the said assured, the plaintiff caused to be filed due, timely, adequate and sufficient notice of claim and proofs of death with the defendant company, and that the within action is commenced within a period of two years of the death of the assured," and the answer admits such allegations. These allegations and the admission do not affect the question before us. The failure to bring the action within the stipulated period is matter of defense. The record fails to disclose the date when, under the terms of the by-laws, the plaintiff's right to bring the action arose. We find it unnecessary to determine whether the six months' limitation following the death of the member contained in section 407 of the by-laws is, in view of the other provisions of the by-laws, unreasonable, and, therefore, invalid, or whether the period elapsing before the filing of the proof with the supreme secretary, as provided in the by-laws, is to be deducted in computing the six months. Whatever may be the proper construction of the by-laws in this respect, there is here no proof of any lapse of time whatever between the date when under the by-laws the action became maintainable and the date when the action was brought. The defense under the " short statute of limitation " was not made out.

For these reasons the judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.